UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN ALAN D'ANDREA, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:06-cv-99 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| LUIS RODRIGUEZ et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to exhaust available administrative remedies, the Court will dismiss his complaint without prejudice.

## **Discussion**

### I.     Factual Allegations

Plaintiff is currently incarcerated at the Southwoods State Prison in Bridgeton, New Jersey, but complains of incidents that occurred when he was incarcerated in Michigan at "Northside State Prison,"[1] Parnall Correctional Facility, and Chippewa Correctional Facility from March 2002 through January 2004. In his *pro se* complaint, Plaintiff sues, in their individual capacities, Dr. Luis

---

[1] There is no "Northside State Prison" in Michigan; it is unclear to what precise Michigan correctional facility Plaintiff references with this name.

Rodriguez at Duane Waters Hospital,[2] Dr. Deborah Hansen at Chippewa Correctional Facility, nurse practitioner R. Suter at Duane Waters Hospital, nurse practitioner Debra G. Lange at Parnall Correctional Facility, Michigan Department of Corrections (MDOC) Director "Unknown Party #1," and Correction Medical Services Director "Unknown Party #2."

Plaintiff claims that Defendants violated his Eighth and Fourteenth Amendment rights when they failed to acknowledge, detect, or address serious medical issues with his back and liver, causing severe deteriorations of both conditions. He specifically alleges that from March 2002 through January 2004, Defendants: (1) refused to acknowledge Plaintiff's true back problems; (2) gave him only sporadic doses of pain reliever, many of which did not work; (3) relied upon visual examinations of Plaintiff to diagnose his ailments and determine his level of pain; (4) failed to comply with recommendations of other doctors and interfered with prescribed treatment; (5) failed to take his symptoms seriously, repeatedly giving him a "clean bill of health" and deeming him capable of performing manual labor; (6) repeatedly moved Plaintiff to at least three different correctional facilities, preventing any continuum of care; and (7) humiliated him with an unnecessary rectal exam to deter him from seeking medical attention and pain relief. Plaintiff contends that as a result of Defendants' inactions, he suffered "two grueling years of hardship" and "excruciating pain."

Plaintiff was paroled by the MDOC on January 15, 2004; in March 2004, he fled Michigan to seek medical attention in New York City. En route to New York, he was stopped by police and arrested for violating parole, driving under the influence, and possessing stolen property. He is currently serving an eight-year sentence in New Jersey and has pursued medical treatment

---

[2]Duane L. Waters Hospital in Jackson, Michigan is the Michigan Department of Corrections prison hospital.

there. A November 2005 liver biopsy showed Plaintiff's liver was damaged to the point of stage two fibrosis; interferon and ribavarin were prescribed. A February 2006 surgical procedure on Plaintiff's back revealed severe spinal stenosis, degenerative disks, scoliosis, and arthritis. A lumbar laminectomy was performed, which immediately relieved Plaintiff's numbness and pain.

## II. Lack of Exhaustion of Available Administrative Remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies, and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[3] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the

---

[3] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff used a variation of the form complaint, assumably because he is incarcerated in New Jersey.

involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003) overruled on other grounds, *Spencer v. Bouchard*, 449 F.3d 721 (6 th Cir. 2006); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's claim of medical inattention is the type of claim that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (inmate may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective 12/19/03). In his complaint, however, Plaintiff only makes passing reference to grievances he filed relating to "specific medical issues." Compl. ¶ 1 p 3; ¶¶ 16 p 17; ¶ 18 pp 18-19. He neither alleges nor shows that he properly grieved all of his claims as to all Defendants.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of an action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Accordingly, the Court will dismiss Plaintiff's action without prejudice. Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from payment of the civil

action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)).

Plaintiff may attempt to grieve his unexhausted his claims; however, if they are rejected by the MDOC as untimely, the exhaustion requirement will not be met, and his suit will be barred. *See Woodford v. Ngo*, 548 U.S. ____ , No. 05-416, 2006 WL 1698937 (June 22, 2006) (holding that "proper exhaustion," that is, exhaustion that complies with "critical procedural rules" such as time limits for filing grievances, is a precondition to any suit challenging prison conditions; failure to properly exhaust bars suit in federal court). Alternatively, in the event Plaintiff has fully exhausted some or all of his claims against the proper Defendants, he may file a new action, demonstrating that he has properly exhausted.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.


Date:   July 14, 2006            /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 CHIEF UNITED STATES DISTRICT JUDGE